## SPEARHEAD CONSTRUCTION CORPORATION v. RICHARD A. BIANCO ET AL.
### (13090)

O'Connell, Lavery and Freedman, Js.

---

Argued February 21—decision released September 5, 1995

*Daniel W. Moger, Jr.,* for the appellant-appellee (plaintiff).

*Theodore R. Tyma,* with whom, on the brief, was *Thomas E. Minogue, Jr.,* for the appellees-appellants (defendants).

LAVERY, J. The chief issues in this much litigated building contract case are: (1) what are the rights if any of a prevailing party in an arbitration award who fails to confirm the award within the statutory period and what effect does the statutorily unconfirmed award have; and (2) is the trial court bound by the findings of the attorney trial referee as to the date from which postjudgment interest runs. We reverse the judgment of the trial court.

The facts are as follows. The plaintiff had contracted to build an addition to the defendants' house in Greenwich when a dispute arose. The matter was arbitrated in accordance with the terms of the contract. The arbitration award, dated June 14, 1988, provided that the plaintiff would obtain from the Greenwich building department the approvals necessary for the owner's permanent records, including construction drawings, a certificate of occupancy and all plumbing, electrical and heating and ventilation approval as was usual for the town. The award further provided that when the documents had been received by the plaintiff, they would be turned over to the defendants and that the defendants would immediately pay to the plaintiff the sum of $101,000 for full and final payment for the work completed on their residence. The award further provided that upon payment, the plaintiff would immediately remove the lien placed on the defendants' residence, and that the $101,000 to be paid by the defendants would be placed in an escrow account administered by the plaintiff's attorney with the understanding that the funds would immediately be used to pay subcontractors and materialmen who were owed money on account of the work performed on the defendants' residence. The payments to the subcontractors and materialmen were to be made first to remove all liens and foreclosure actions brought against the defendants on account of the work done by the plaintiff.

Neither party sought either to confirm or vacate the award within the time permitted by statute.[1]

Performance under the award was thwarted. The documents specified in the arbitration award were a certifi-

[1] General Statutes § 52-417 provides: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

General Statutes § 52-418 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

General Statutes § 52-419 provides: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy.

"(b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

General Statutes § 52-420 provides: "(a) Any application under section 52-417, 52-418 or 52-419 shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay.

cate of occupancy, stamped construction drawings and usual building department approvals. The town officials had erroneously approved plans that omitted a smoke detector in the maid's room. That omission was noted after work was completed and the plans were fulfilled. The town would not issue a certificate of occupancy for the addition until the relatively inexpensive smoke detector was installed. The defendants refused to allow the plaintiff or its agents on the premises. The defendants did not pay the $101,000, and on September 19, 1990, the plaintiff brought this action seeking enforcement of the arbitration award plus interest or, in the alternative, arbitration anew.

Before the trial in this case, two of the plaintiff's subcontractors brought their own actions against the defendants, with one settling and the other going to judgment. L & M Company (L & M), the roofer, settled with the defendants for $18,000. W. G. Glenney Company (Glenney), which did business as Continental Lumber Company, tried its mechanic's lien foreclosure action to judgment in the Fairfield judicial district. In that action, the court, *Spear, J.*, found that "[a]s the [defendants] have prevented [the contractor] from installing the detector and thereby obtaining the certificate, the debt is due now." The defendants sought to reduce the Glenney claim by application of the apportionment statute, General Statutes § 49-36 (b).[2] Their

"(b) No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion.

"(c) For the purpose of a motion to vacate, modify or correct an award, such an order staying any proceedings of the adverse party to enforce the award shall be made as may be deemed necessary. Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity therewith by the court or judge granting the order."

[2] General Statutes § 49-36 (b) provides: "When there are several claimants and the amount of their united claims exceeds that price, the claimants, other than the original contractor, shall be first paid in full, if the amount

argument was that the sum of Glenney's claim for $55,185.81, L & M's claim for $44,000 and that of another claimant for approximately $6700 exceeded $101,000. The trial court made a factual finding, based on the settlement of the L & M claim for $18,000, that the aggregate of the claims against the defendants' property did not exceed their $101,000 debt and denied apportionment. This court upheld that ruling because the L & M claim, when settled for $18,000, reduced the debt owed by the defendants from $101,000 to $83,000, which exceeded the remaining liens for $55,185.81 and $6700. *W. G. Glenney Co.* v. *Bianco,* 27 Conn. App. 199, 208, 604 A.2d 1345 (1992). This case was tried before an attorney trial referee, who found that the plaintiff had satisfied the terms of the arbitration award and determined that the sums thereunder should be paid. The referee found that the defendants should receive a credit of $81,628.31 for sums paid directly to the subcontractors. The referee also found that the plaintiff was entitled to the full arbitration award and that the fact that the defendant had bargained away the lien for $18,000 was irrelevant to the terms of the award. The attorney trial referee recommended that the arbitration award of June 16, 1988, be confirmed and refused to rewrite its terms or to correct or modify any of its conditions. The referee concluded that an award may be confirmed under General Statutes § 52-417 after the one year period.

The plaintiff and the defendants filed numerous motions to correct. For purposes of this appeal the important motion is the plaintiff's motion to correct, which provides in pertinent part: "8. The finding should be corrected to add the following omissions:

of that price is sufficient for that purpose; but, if not, it shall be apportioned among the claimants having the liens, other than the original contractor, in proportion to the amount of the debts due them respectively; and the court having jurisdiction thereof, on application of any person interested, may direct the manner in which the claims shall be paid."

"a. The principal amount due the plaintiff is $27,814.19. This amount is arrived at by giving the [defendants] credit against a $101,000 award for their payments of $55,155.81 to Glenney and $18,000 to L & M.

"b. To this award must be added interest at the statutory rate of 10% for 4½ years, or $12,516.39. (The arbitration award dated June 16, 1988, has not been paid. [Section] 37-4a and the [American Institute of Architects (AIA)] contract both provide for interest.)"

In response to the various motions to correct, the attorney trial referee made the following reply: "[T]he effect of the findings is to confirm the arbitration award (finding in the plaintiff's favor) and leaves the resolution of the exact sum to the wording of that award. Insofar as interest is collectible under the terms of the award, [General Statutes §] 37-3a would apply (and indeed AIA contract confirms same). Plaintiff's paragraph 8a in [its] motion to correct accurately reflects the findings of the referee, but the discrepancy comes from the problematic compromise of a claim for less than the award figures. The referee accepts the correction therein and confirms the amount due as $12,516.39± plus statutory interest from the date of the award."

The attorney trial referee further responded: "The trier accepts as confusing some of the mathematical contortions caused by her avoidance of rewriting the award and the attempt to adjust a compromised claim the defendants paid after the award. . . . In essence, the decision has the affect of confirming the arbitration award."

The trial court in its memorandum of decision interpreted the attorney trial referee's decision to have given the defendants $36,000 credit, which is the amount of the L & M claim rather than the $18,000 actually paid to the subcontractor. The trial court rendered judgment for the plaintiff in accordance with the referee's report

in the amount of $9445, representing the difference between the arbitrator's award of $101,000, and $91,555, the sum of the award paid to Glenney and the amount claimed by L & M. The trial court found that the fact that the defendants were able to compromise the claim should inure to their benefit rather than that of the plaintiff. In addition, the trial court found that the plaintiff was entitled to prejudgment interest for money detained "after it becomes payable." See General Statutes § 37-3a. It did not award the plaintiff interest from June 16, 1988, the date of the arbitration award, since at that point the plaintiff was obliged to obtain certain documents for the benefit of the defendants. Instead, the trial court calculated interest as of September 19, 1990, when this action was instituted, on the theory that by that date the defendants were wrongfully withholding money from the plaintiff. This appeal followed.

The issues claimed in the plaintiff's appeal are:

"1. Whether, when trial was delegated to an attorney trial referee whose reports came back with obvious mistakes, the Court erred in entering judgment contrary to the referee's other factual findings.

"2. Whether the Court's damage award against [the] defendants, who were collaterally estopped by how much another court had found these same defendants owed the plaintiff in prior litigation with the plaintiff's subcontractors, was erroneously inconsistent with the first court's findings.

"3. Whether it was error to give the defendants credit against what they owed their builder for an amount merely claimed by the builder's subcontractor as opposed to the lower amount the defendants actually paid the subcontractor.

"4. Whether interest should have been calculated from [the date of] the arbitration award as the referee found or from the date of the complaint as the court found."

The issue claimed in the defendants' cross appeal is whether "the trial court [erred] in concluding that the plaintiff was not barred from confirming the arbitration award where it failed to make any application to confirm the award within one year after the award was rendered pursuant to the provisions of General Statutes § 52-417?"

The standard governing our review is the clearly erroneous standard, succintly set forth in *Barbara Weisman, Trustee* v. *Kaspar,* 233 Conn. 531, 541, 661 A.2d 530 (1995), and need not be repeated here.

We first must deal with the unique procedural posture of this appeal because neither party sought an application to confirm or vacate the arbitration award pursuant to the relevant statutes. We must decide whether the trial court is limited to the statutory proceedings specified in General Statutes § 52-417 (application to confirm), § 52-418 (application to vacate) or § 52-419 (modification or correction of award). We find that those statutory procedures are not the exclusive means for judicial enforcement of an arbitration award but rather are an expeditious means to turn a voluntary contractual proceeding into a judgment of the court for purposes of executing on, or enforcement of, the arbitration award. See General Statutes § 52-420 ("[a]ny application . . . shall be heard in the manner provided by law for hearing written motions at a short calendar session . . . in order to dispose of the case with the least possible delay").

Support for this position exists in both statutory and case law. General Statutes § 52-408 provides that arbitration agreements, which include a provision that the parties will be bound by the arbitrator's decision, "shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of *written contracts* generally." (Emphasis

added.) This is an explicit statutory expression that agreements to arbitrate are written contracts and can be enforced, or avoided, in accordance with general principles of contract law.

In addition, our Supreme Court has commented on its ability to overturn arbitration awards for reasons other than those in § 52-418 (a) (4) and has noted that there are common law grounds for vacating awards: "We have historically construed narrowly the two common law grounds for vacating an arbitration award. We denominate the constitutionality and public policy exceptions as common law grounds although we have, on occasion, implied that the basis for these grounds is to be found within the statutory scheme of § 52-418 (a) (4). . . . It is more appropriate to recognize that the power to determine the constitutionality of a statute and the power to strike an arbitration ruling as violative of public policy *exist apart from any particular grant of authority from the legislative branch. Because of the multiple sources authorizing judicial review of arbitration awards*, we therefore deem inaccurate the implication in these earlier cases that § 52-418 (a) (4) is the *sole* source of the court's power of review." (Emphasis added.) *Garrity* v. *McCaskey*, 223 Conn. 1, 6, 612 A.2d 742 (1992).

We agree with the trial court's denial of the defendants' motion for summary judgment that claimed that the plaintiff was prevented from suing on the arbitration award because it failed to confirm the award within the statutory period and we adopt its reasoning. The trial court, *Rush, J.*, ruled as follows: "The court notes that the statute providing for an application for an order confirming the award utilizes the permissive word 'may' while the provisions relating to a Motion to Vacate, Modify or Correct an Award mandate that such motions be made within 30 days from notice of the award. Compare General Statutes § 52-417 with General Statutes

§ 52-420 (b). There are no provisions contained in General Statutes § 52-417 which require that an application to confirm in an arbitration award must be made. In the absence of a motion to confirm the award, the parties would be left to their common law remedies. Under our common law, prior to the statute providing for an Application to Confirm an Award, an arbitration award was in the nature of a judgment and the remedy for a party to an arbitration was to bring an action on the award. *Lehrman* v. *Prague*, 115 Conn. 484, 488 [162 A. 15] (1932); [*Bridgeport* v. *Eisenman*], 47 Conn. 34, 37–38 (1879); *Shelton* v. *Alcox*, [11 Conn. 240, 244 (1836)]; 1 Swift's Digest (1848) pp. 447–78; 2 Swift's Digest (1953) Forms pp. 480–82. 'An arbitration award, confirmed or not, has the preclusive effect regarding issues of law and fact litigated before and determined by the arbitration panel.' *Robinson* v. *Southern New England Telephone Co.*, [Superior Court, judicial district of Middletown, Docket No. 59448 (May 27, 1992) (6 Conn. L. Rptr. 455)]." *Spearhead Construction Corp.* v. *Bianco*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV900112172S (September 17, 1992) (7 Conn. L. Rptr. 380, 381).

In addition to the issue of interest discussed later in this opinion, another point of contention between the parties is whether the defendant will get credit for the $18,000 actually paid to L & M or for the $36,000 L & M had claimed. The trial court awarded the defendants the full $36,000 credit. We disagree with the trial court. It missed the conclusion of the attorney trial referee's findings. The referee's findings are clear on this point. In her original findings dated December 4, 1992, the referee found: "17. [The] plaintiff has done all that it needs to do to satisfy the terms of the Arbitration Award and the sums awarded thereunder should be paid.

"18. The defendants will receive a credit for sums paid directly to the subcontractors, which formed a term of the Award. ($81,628.31)

"19. The plaintiff had a right to receive $36,400.00 for [L & M]; the fact that [the] defendant 'bargained' the lien away with a payment of $18,000.00 is irrelevant to the terms of the Award."

In its response to the plaintiff's motion to correct, the attorney trial referee found in pertinent part: "The effect of the findings is to confirm the arbitration award (finding in the plaintiff's favor) and leaves the resolution of the exact sum to the wording of that award. . . . Plaintiff's paragraph 8a in [its] motion to correct accurately reflects the findings of the referee, but the discrepancy comes from the problematic compromise of a claim for less than the Award figures. The referee accepts the correction therein and confirms the amount due as $12,516.39± plus statutory interest from the date of the award.

"Defendant's Motion to Correct: Insofar as the correction above satisfies objection 1, it is noted. There should be no doubt that the trier's recommended decision's effect is to confirm the arbitration award. . . .

"In essence, the decision has the effect of confirming the arbitration award. . . ."

Testimony was procured concerning issues surrounding that award to assure that it had been rendered according to statute. The plaintiff's motion to correct provided as follows: "8. The finding should be corrected to add the following omissions:

"a. The principal amount due the plaintiff is $27,814.19. This amount is arrived at by giving the [defendants] credit against a $101,000 award for their payments of $55,155.81 to Glenney and $18,000 to L & M."

The referee put in her corrected finding an incorrect figure of $12,516.39. This is actually the amount of statu-

tory interest from the date of the award that would be based on an amount due of $27,814.19.[3]

The trial court was bound to give the defendants credit only for the $18,000. First, the trial court was collaterally estopped from finding that the amount awarded was in excess of $18,000 as this figure was a subject of the litigation in *W. G. Glenney Co.* v. *Bianco,* supra, 27 Conn. App. 199. In this case, a finding that the defendants are entitled to credit for the amount L & M claimed instead of what L & M was paid would be contrary to our decision in *W. G. Glenney Co.* Collateral estoppel precludes such an inconsistency. *Aetna Casualty & Surety Co.* v. *Jones,* 220 Conn. 285, 596 A.2d 414 (1991), held that a judgment in a prior case precluded a party in the prior case from relitigating issues necessarily decided in the prior case. Second, the clear language of the arbitration award awarded the plaintiffs $101,000, which was to be put in escrow by the plaintiff's attorney to pay subcontractors and materialmen. The fact finder, as well as this court in *W. G. Glenney Co.,* found that the defendants paid L & M $18,000. The trial court and the defendants are bound by those findings and awards and had no authority to give the defendants the benefit of their bargain.

The final issue is the date from which interest should run. The attorney trial referee awarded interest from the date of the arbitration award and the trial court awarded interest from the date this action began. The trial court found that interest should not commence from the date of the arbitration award because it had not become payable as required by General Statutes § 37-3a.[4] Under § 37-3a, an allowance of prejudgment

[3] Interest on $27,814.19 for four and one-half years, from the June 18, 1988 award to December 14, 1992, the date of the plaintiff's motion to correct, or 10 percent per annum amounts to $12,516.39. See paragraph 8b of the plaintiff's motion to correct, supra.

[4] General Statutes § 37-3a provides: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no

interest turns on "whether the detention of the money is or is not wrongful under the circumstances. *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 275, 287 A.2d 374 (1971). *Newington* v. *General Sanitation Service Co.,* 196 Conn. 81, 90, 491 A.2d 363 (1985). Such a fact-bound determination lies within the trial court's discretion. *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 482, 542 A.2d 692 (1988); *King* v. *Board of Education,* 203 Conn. 324, 341, 524 A.2d 1131 (1987); *Newington* v. *General Sanitation Service Co.,* supra [90]; *Bertozzi* v. *McCarthy,* 164 Conn. 463, 467, 323 A.2d 553 (1973)." (Internal quotation marks omitted.) *Associated Catalog Merchandisers, Inc.* v. *Chagnon,* 210 Conn. 734, 748–49, 557 A.2d 525 (1989). The attorney trial referee in her findings found that performance under the award was thwarted by the defendants' refusal to allow the plaintiff or its agents on the premises. We held in *Pilato* v. *Kapur,* 22 Conn. App. 282, 284, 576 A.2d 1315, cert. granted, 216 Conn. 813, 580 A.2d 67 (1990), appeal withdrawn, that it was inappropriate for the trial court to invade the fact finder's province and make the determination of whether an interest award was appropriate. The person best able to make this equitable determination is the attorney trial referee who heard the case and is most familiar with the facts. *Metcalfe* v. *Talarski,* 213 Conn. 154, 160, 567 A.2d 1148 (1989). In this case, we disagree with the trial court's

more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. Judgment may be given for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both. Whenever the maker of any contract is a resident of another state or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest or damages on such contract until it is fully performed, not exceeding the legal rate of interest in the state where such contract purports to have been made or such mortgage security is located."

changing the date from which interest should run. Since the referee found that the defendants thwarted the plaintiff's performance it was not an abuse of her discretion to award interest from the date of the award.

In *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 675–76, 591 A.2d 101 (1991), the Supreme Court stated: "[A] trial court has discretion, under General Statutes § 37-3a, to award prejudgment interest on an arbitration award retroactively to some date prior to the date of the trial court's judgment affirming the award. *Middlesex Mutual Assurance Co.* v. *Walsh*, 218 Conn. 681, 701, 590 A.2d 957 (1991). Implicit in that determination is the conclusion that the prior date may be the date of the arbitration award. We also reasserted the well established propositions that § 37-3a provides for interest on money detained after it becomes due and payable, that the question under that statute is whether the money was wrongfully withheld, and that the ultimate determination is one to be made in view of the demands of justice rather than through the application of any arbitrary rule. Id., 702, quoting *Cecio Bros., Inc.* v. *Feldmann*, [supra, 161 Conn. 275]. It is equally well established that we will not overrule the trial court's award of interest absent a clear abuse of discretion. *Metcalfe* v. *Talarski*, [supra, 213 Conn. 160]." (Internal quotation marks omitted.)

In this case, the attorney trial referee did not abuse her discretion and the trial court should not have overruled her on the award of interest.

The judgment is reversed and the case is remanded to the trial court with direction to give the defendants credit on the arbitration award for the amount actually paid to L & M, and to award interest on the corrected amount of the arbitration award from the date of the award.

In this opinion O'CONNELL, J., concurred.

FREEDMAN, J., concurring. I concur in the result reached by the majority. I concur that General Statutes § 52-417 is not the exclusive method available to confirm an arbitration award. I also concur in the majority's well reasoned conclusions regarding the issues of credit for the L & M claim and the awarding of interest.

Where I disagree with the majority is in its conclusion that after an arbitration award is made pursuant to the terms of a contract, where there is no issue regarding the validity of the contract itself, the award may thereafter be avoided "in accordance with general principles of contract law." General Statutes § 52-408 provides in pertinent part that an arbitration provision in a contract is "valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally." "This means that an arbitration agreement, like any other, can be declared void for fraud, misrepresentation, duress or undue influence, among other reasons not pertinent here." *Dewart* v. *Northeastern Gas Transmission Co.*, 140 Conn. 446, 449, 101 A.2d 299 (1953). It does not mean that an arbitration award already made pursuant to a valid contract, as is the case here, may thereafter be avoided by applying the general principles of contract law to the award itself.

An arbitration award may be vacated, modified or corrected if the award violates any one or more of the proscriptions contained in General Statutes § 52-418[1]

---

[1] General Statutes § 52-418 provides in pertinent part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

(vacating an award) or § 52-419[2] (modifying or correct-ing an award). In order to vacate, modify or correct such award, however, an application must be made to the Superior Court within thirty days from the time the party seeking such relief receives notice of the award. See General Statutes § 52-420 (b).[3] No such application was made in this matter.

In addition, there are two common law "grounds for vacating an arbitration award: (1) the award rules on the constitutionality of a statute . . . [and] (2) the award violates clear public policy . . . ." (Citations omitted.) *Garrity* v. *McCaskey*, 223 Conn. 1, 6, 612 A.2d 742 (1992). Neither ground is at issue in this matter.

The trial court, therefore, was bound to confirm the arbitration award, not because the award did not violate the general principles of contract law but because (1) the defendants failed properly to pursue their remedies pursuant to §§ 52-418 and 52-419 and (2) there existed no common law ground for vacating the award.

Accordingly I agree with the result.

---

[2] General Statutes § 52-419 provides in pertinent part: "(a) Upon the appli-cation of any party to an arbitration, the superior court . . . shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy."

[3] General Statutes § 52-420 (b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."