[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves a controversy between two brothers, the plaintiff John Saradjian, and the defendant Martin Saradjian, over the settlement of the estate of their deceased mother, Zarouhi Morjikina Saradjian, who died testate on January 23, 1987.[1] In his amended complaint dated May 13, 1994, the plaintiff alleges that as co-executor of his late mother's estate he personally paid certain administrative expenses, and that the defendant's share of these expenses amounts to approximately $10,500 dollars, plus interest.
The defendant filed an amended answer and counterclaim dated September 19, 1994, denying that he owed the plaintiff any money. In his counterclaim, the defendant contends that the plaintiff used and occupied premises located at 734 Washington Boulevard, which were owned by his deceased mother at the time of her death, and that the plaintiff refuses to pay rent or for his use and occupancy thereof. The defendant also alleges that he is entitled to one-third of the value of Z. N. Saradjian, an oriental rug business, that he claims was an asset of the decedent's estate, and that the plaintiff refuses to account for or pay the defendant his rightful share of this business.
The case was referred to Attorney Trial Referee Saul Kwartin, in accordance with General Statutes § 52-434(a)(4) and Practice Book § 428 et seq. The attorney trial referee conducted a trial and then filed his report containing the following findings of fact: (1) that a final account of the administration of the decedent's estate was approved by the Stamford Probate Court in July, 1992, and that no appeal was taken therefrom; (2) that this account includes a finding that the plaintiff is entitled to be reimbursed for certain administration expenses, and that the defendant's share thereof is $10,559.86; (3) that in connection with the defendant's counterclaim with respect to the premises on Washington CT Page 13163 Boulevard, the plaintiff showed that he had paid "substantial expenses" in connection with said premises, that defendant failed to offer evidence regarding either the rental value of said premises, or the amount the plaintiff allegedly owed him; and (4) that the decedent had executed a "partnership agreement" in 1966 that effectively transferred her interest in the oriental rug business to the plaintiff prior to her death, and that the inventory and account filed in the Stamford Probate Court indicated that the decedent did not have any ownership interest in the business at the time of her death.
The attorney trial referee reached the following conclusions as a result of his findings of fact: (1) that the defendant owes the plaintiff $10,559.86, plus interest; (2) that the defendant's claim for use and occupancy "fails for want of proof;" and (3) that decedent did not own any interest in the rug business at the time of her death as is reflected in the decrees of the Probate Court, therefore, under the doctrine of res judicata[2] the defendant was not entitled to an interest therein.
The defendant thereafter moved, pursuant to Practice Book § 438, to correct the referee's report to reflect that: (1) he had submitted evidence regarding both the market and rental value of 734 Washington Boulevard, although the defendant seemed to agree with the referee that he had not offered any specific evidence as to the amount of his claim against the plaintiff; (2) the transfer of his deceased mother's interest in the rug business was ambiguous and conditional and was not effective to deprive the defendant of an interest in said business; (3) the decedent had transferred only her "legal rights" in the business to the plaintiff, but had retained her "beneficial equitable interest" therein, and thus the defendant was entitled to an interest in said business after his mother died; and (4) the extent of the defendant's interest in the rug business, as well as his right to recover from the plaintiff for his use and occupancy of the Washington Boulevard premises, were not litigated in the Probate Court, but, on the contrary, were specifically reserved for adjudication by the Superior Court, and hence the doctrine of res judicata was not applicable. The attorney trial referee declined to make any changes in his recommendations.
As to this court's standard of review of an attorney trial referee's findings of the facts of a given case, the Supreme CT Page 13164 Court has stated that: (1) the trial court may not "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Town of Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. Thus, generally this court's task consists of, first, determining whether "there was . . . evidence to support the attorney trial referee's factual findings," and, second, whether "the conclusions reached were in accordance with the applicable law." Thermoglaze, Inc. v. Morningside Gardens, Co.,23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied, 217 Conn. 811,587 A.2d 153 (1991).
In the present case, however, the defendant did not file any exceptions to the report. Practice Book § 439. It follows therefore that the factual findings by the referee must stand uncorrected because a failure to file exceptions constitutes in effect a waiver of the right to "attack the subordinate factual findings contained in the report." See Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989) (holding that a failure to file a motion to correct waived the right to challenge the referee's subordinate factual findings).
The defendant did file objections to the report in accordance with Practice Book § 440, which provides that objections may be filed in the event a party contends that the referee's conclusions were not properly reached on the basis of the subordinate facts that were found, or that there were erroneous evidentiary rulings, or for "other reasons why the report should not be accepted." The objections relate to the defendant's contentions that the referee erred in concluding that: (1) the defendant's mother had divested herself of all her interest and ownership of the oriental rug business; and (2) the issue of the ownership of the rug business was res judicata" by reason of the action of the Stamford Probate Court in approving the final account.
The trial court must accept the referee's findings of fact in the absence of valid exceptions to the report, and therefore its task is limited to determining whether the legal conclusions "are legally and logically correct and whether they find support in CT Page 13165 the facts found by the referee." Bernard v. Gershman, supra,18 Conn. App. 656; Practice Book § 440. In the present case, the referee found as a fact that the defendant owed money to the plaintiff because, during the time period that he served as an executor of his mother's estate, the plaintiff advanced certain funds in connection with the administration of said estate, to which he was entitled to be reimbursed by the defendant. This finding has not been challenged.
As to the claim by the defendant for a set-off, the referee found that the plaintiff had made large expenditures in connection with the Washington Boulevard premises, and that the plaintiff had failed to prove the rental value thereof or the amount of his claim. This factual finding leads inexorably to the same conclusion drawn by the referee, that the defendant is not entitled to any payment from the plaintiff. The referee also found as a fact that the final account of the decedent's estate did not include or refer to any interest in the oriental rug business, and that this account had been approved by the Stamford Probate Court. The referee's finding that the decedent had divested herself of all interest in the subject premises leads legally and logically to the conclusion that the plaintiff is not entitled to inherit his mother's prior ownership interest in the business.
It appears from reviewing the defendant's motion to correct, and his objections to the report, that he is attempting to substitute his own version of the facts for those found by the referee, a practice discountenanced in Argentinis v. Gould,23 Conn. App. 9, 19, 579 A.2d 1078, rev'd on other grounds, 219 Conn. 151,592 A.2d 375 (1991).
No material error in the referee's report has been found, or any other sufficient reason why the report is unacceptable. See Practice Book § 443. The court finds, therefore, that the referee's conclusions were "properly reached on the basis of the subordinate facts found." See Practice Book § 440.
Accordingly, judgment enters for the plaintiff to recover $10,559.86 from the defendant in accordance with the referee's report. The referee also recommended that interest be awarded, which is a factual conclusion binding on the court. See SpearheadConstruction Corp. v. Bianco, 39 Conn. App. 122, 135, ___ A.2d ___ (1995). Interest on $10,559.86 at 10% per annum (General Statutes § 37-3a) from July 29, 1992, the date of allowance CT Page 13166 of the final account by the Probate Court, to the date of this judgment, amounts to $3,496.40, and thus judgment hereby enters in favor of the plaintiff in the total amount of $14,056.26.
Statutory costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of November, 1995.
William B. Lewis, Judge