[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph K. Mimms, brought this action against the defendants, Darien Capital Management, Inc. (Darien Capital) and its principal officer, Gregory M. Hryb. In his complaint, the plaintiff alleges that he was terminated by Darien Capital, a firm that manages investments for large pension funds, but that the defendants refused to pay him a severance fee in accordance with their written agreement. The plaintiff claims that, in the agreement, Darien Capital promised to pay the plaintiff $50,000 if his employment was terminated for reasons other than "demonstrated cause," and that the individual defendant, Hryb, personally guaranteed this payment. In response, the defendants assert a special defense claiming that severance pay was due only during the first year of employment, and also that, in any event, the plaintiff, who worked twenty-two months for the defendants, was dismissed for cause.
This case was referred to Attorney Judith Rosenberg, an attorney trial referee, in accordance with General Statutes § 52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then filed a report containing the following pertinent findings of fact: (1) the plaintiff was hired by the defendants in July, 1991, as the corporate defendant's new marketing director, with an annual salary of $100,000 and an oral understanding regarding severance payment; (2) in early January, 1992, the plaintiff became worried about his future with Darien Capital, and asked the defendants to memorialize in writing the earlier oral agreement regarding severance pay; (3) on January 8, 1992, the plaintiff prepared, and the defendant Hryb signed on behalf of the corporate defendant and himself personally, the following Severance Agreement: "In the event that Joseph K. Mimms is dismissed from Darien Capital for any reason other than demonstrated cause, or in the event that Darien Capital ceases to CT Page 9767 exist, he will receive a lump-sum payment equal to 1/2 year's salary from the firm, or from me personally. This amount is $50,000 as of today, January 8, 1992;" (4) as the defendants' business continued to perform badly, Hryb informed the plaintiff in March, 1993, that, after May 31, 1993, the plaintiff would no longer receive a salary, but only commissions; (5) on May 14, 1993, the plaintiff told Hryb that he, the plaintiff, was relying on and intended to enforce the Severance Agreement, and the defendants immediately thereafter terminated the plaintiff, ostensibly "for cause;" and (6) the defendants had generally been satisfied with the plaintiff's performance during the course of his employment.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the Severance Agreement was not limited to one year, and the intent of the parties was to make it applicable for as long as the plaintiff worked for the defendants; (2) the Severance Agreement represented the final and complete understanding of the parties, and the parol evidence rule prevented the defendants from claiming that the parties intended to make the agreement effective only during the first year of employment; and (3) because the plaintiff was terminated as soon as he announced his opinion that the Severance Agreement was valid and operative, he was not terminated for cause, and the defendants' claim to that effect was an attempt to avoid paying the plaintiff his severance pay. The referee recommended that judgment enter in favor of the plaintiff for $50,000, without the prejudgment interest permitted by General Statutes § 37-3a. The referee noted, however, that the plaintiff filed an offer of judgment on March 2, 1995, in the amount of $50,000, and hence was entitled to 12% annual interest pursuant to Practice Book § 350.
As authorized by Practice Book § 438, the plaintiff moved to correct the referee's report regarding the failure to recommend prejudgment interest. According to the plaintiff, the referee had determined that the severance pay had been wrongfully withheld and was clearly due to the plaintiff. For these reasons, the plaintiff argued that prejudgment interest was mandatory. In denying the motion to add prejudgment interest, the referee referred to Loomis Institute v. Windsor, 234 Conn. 169, 181-82,661 A.2d 1001 (1995). This case indicates that, while both prejudgment interest under General Statutes § 37-3a and interest on an offer of judgment pursuant to General Statutes § 52-192a may be awarded,[1] a decision not to award both CT Page 9768 types of interest may be "reasonable" where there has not been a finding of malice or bad faith.
The defendant filed a motion to correct certain dates in the referee's report, viz., that Darien Capital was formed in 1984, and that the defendants procured their three largest clients prior to the plaintiff's joining the firm. The referee agreed with the defendants, and the report was amended accordingly.
The plaintiff thereafter filed in one combined document both exceptions and objections to the report pursuant to Practice Book §§ 439 and 440, respectively. These exceptions and objections repeat the plaintiff's contention that, because the defendants acted in bad faith in withholding severance pay from the plaintiff, an award of prejudgment interest is obligatory.
The defendants also filed objections to the referee's report contending that, since the Severance Agreement did not contain any reference to its duration, it was not "an integrated written contract," and oral testimony should be admitted regarding the intent of the parties relative to said duration. The defendants also claimed that the plaintiff was terminated for cause for failing to bring in significant business to the defendants.
As to this court's scope of review of an attorney trial referee's report regarding the facts of a given case, the Supreme Court recently reiterated in Elgar v. Elgar, 238 Conn. 839, 848-49,679 A.2d 937 (1996), that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) See also Romano v. Derby, 42 Conn. App. 624, 626,681 A.2d 387 (1996) ("[t]he trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee.") CT Page 9769
Thus, according to Elgar v. Elgar, supra, 238 Conn. 845, this court has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. As stated inRomano v. Derby, supra, 42 Conn. App. 628, "[a]fter reviewing the transcript and testimony of the hearing, the trial court concluded that a sufficient basis existed in the evidence to support the attorney trial referee's findings and therefore concluded that judgment should be rendered for the defendant. We will not overturn these conclusions unless they are legally or logically inconsistent with the facts found."
The motion to correct, the exceptions and the objections filed by the plaintiff present this issue: is the plaintiff entitled to prejudgment interest under the circumstances of this case? Prejudgment interest may be awarded pursuant to General Statutes § 37-3a if money has been retained "after it becomes payable." The first issue is whether prejudgment interest can be awarded in this particular type of case. If the answer is yes, then the next question is whether it should be awarded in this present action.
Foley v. Huntington Co., 42 Conn. App. 712, 739,682 A.2d 1026 (1996), indicates that the prejudgment interest statute applies to "underlying claims . . . for liquidated sums due for services or services and materials or for reimbursement of specific sums." "Prejudgment interest pursuant to § 37-3a has been applied to breach of contract claims for liquidated damages, namely, where a party claims that a specified sum under the terms of a contract, or a sum to be determined by the terms of the contract, owed to that party has been detained by another party." Id., 740. The underlying claim in the present case is for liquidated damages based on a contract and thus fits within the broad spectrum of those actions in which prejudgment interest may be ordered.
Whether such interest should be awarded in this present case is the next issue. "Under § 37-3a, an allowance of prejudgment interest turns on whether the detention of the money is or is not wrongful under the circumstances." (Internal quotation marks omitted.) Spearhead Construction Corp. v. Bianco,39 Conn. App. 122, 134-35, 665 A.2d 86, cert. denied, 235 Conn. 928, CT Page 9770667 A.2d 554 (1995). "[T]he ultimate determination is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." Id., 136. See also MiddlesexMutual Assurance Co. v. Walsh, 218 Conn. 681, 702, 590 A.2d 957
(1991). The decision to order prejudgment interest must not be based on a determination that the issues were contested in a good faith dispute between the parties, nor on a finding that the amount of the judgment was a liquidated sum. See Alderman v. RPMof New Haven. Inc., 20 Conn. App. 566, 570, 568 A.2d 1068 (1990). Rather, the issue turns on whether the money was withheld wrongfully under the circumstances. Slattery v. Maykut, 176 Conn. 147,155, 405 A.2d 76 (1978).
Whether prejudgment interest is due is "a factbound determination [that] lies within the trial court's discretion. . . . [I]t [is] inappropriate for the trial court to invade the fact finder's province and make the determination of whether an interest award was appropriate. The person best able to make this equitable determination is the attorney trial referee who heard the case and is most familiar with the facts."Spearhead Construction Corp. v. Bianco, supra, 39 Conn. App. 135. "[T]he determination of whether interest pursuant to § 37-3a
should be awarded is a question for the trier of fact." Foley v.Huntington Co., supra, 42 Conn. App. 738. Therefore, the referee's recommendation regarding prejudgment interest is an equitable determination for the trier of fact, and her conclusion that the plaintiff is not entitled to prejudgment interest may not be overturned.
As for the objections to the referee's report which were filed by the defendants, the finding by the referee that the parties intended the Severance Agreement to apply during the entire length of the plaintiff's employment is quintessentially a factual finding concerning the intent of the parties in formulating a written agreement. As stated in Foley v. HuntingtonCompany, supra, 42 Conn. App. 730-31, "[t]he construction of a contract is usually a question of fact because the interpretation of its language is a search for the intent of the parties, making contractual intent a classic question of fact. A conclusion as to the intent of the parties must stand unless it is one that a trier could not reasonably reach." (Citation omitted.)
"Where the fact finder's conclusions as to intent are based on such factors as the credibility of witnesses and the testimony of live witnesses as to the meaning of a contract or as to the CT Page 9771 circumstances surrounding the execution of a contract, a question of fact as to intent of the parties exists." Griffin v. Planning Zoning Commission, 30 Conn. App. 643, 650, 621 A.2d 1359
(1993). "The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence."Fortier v. Newington Group, Inc., 30 Conn. App. 505, 509,620 A.2d 1321 (1993). "What the parties intended to include in their [agreement] is a question of fact." Four D's, Inc. v. Mattera,25 Conn. App. 308, 312, 594 A.2d 484 (1991).
"To give meaning to contracts, courts interpret the intent of the parties by construing the whole contract and all relevant provisions together. . . . In construing contract terms, the court seeks to effectuate the intent of the parties. . . . To ascertain the parties' intent, the courts consider not only the language used in the contract but also the circumstances surrounding the making of the contract, the motives of the parties and the purposes which they sought to accomplish. . . . The intent of the parties is normally a question of fact for the trier . . . which we will not disturb unless it is clearly erroneous." (Citations omitted; internal quotation marks omitted.) Colby v. Burnham, 31 Conn. App. 707, 714, 627 A.2d 457
(1993).
Moreover, according to Giorgio v. Nukem, Inc., 31 Conn. App. 169,173-74, 624 A.2d 896 (1993), "[t]he parol evidence rule prohibits the use of extrinsic evidence to vary or contradict the terms of a integrated written contract." The referee found that the Severance Agreement was an integrated contract which did not contain any limitation on its duration, and that the defendants' attempt to add such a limit was not proper.
Because this court may not retry the case, find additional facts or reject facts found by the referee, this court is not authorized to disturb the referee's finding that severance pay was due even though the plaintiff worked for the defendants for more than a year. The referee's construction of the contract is not an unreasonable one.
The defendants did not challenge, in their motion to correct, the referee's factual finding that the plaintiff was not terminated for "demonstrated cause," although the defendants referred to this finding in a purported amended motion to correct that they submitted.[2] In addition, the defendants did not file exceptions to the report as noted previously. "[F]iling CT Page 9772 exceptions seeking corrections by the court preserves the excepting party's rights in this regard. . . A party's failure to conform to this procedure limits the reviewing court to determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions." Blessings Corporation v. Carolton Chronic Convalescent Hospital, Inc., 7 Conn. App. 364, 367, 508 A.2d 829
(1986). Therefore, the referee's factual findings in the present case must stand uncorrected.
Moreover, as to the filing of objections by the defendants, "[s]ection 440 . . . cannot be used to attack findings of fact."Iroquois Gas Transmission System v. Mileski, 43 Conn. App. 47,52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51. Despite the absence of a timely motion to correct and exceptions, the transcript has been reviewed, and there is ample testimony that the defendants did not complain about the plaintiff's competence until the plaintiff announced that he wanted to enforce the Severance Agreement.[3] As such, the subordinate facts adequately support the referee's ultimate finding concerning the circumstances of the plaintiff's termination, and this finding should not be disturbed by this court.
Therefore, judgment is entered in favor of the plaintiff for $50,000, but without prejudgment interest under General Statutes § 37-3a. Since the judgment recovered is equal to the offer of judgment, the plaintiff is entitled to 12% annual interest in accordance with General Statutes § 52-192a.[4] In this case, the interest amounts to $18,316.73, which, when added to $50,000, results in a total judgment in favor of the plaintiff and against the defendants for $68,316.73. Costs shall be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of November, 1996.
William B. Lewis, Judge