[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
This case was the subject of an earlier memorandum of decision dated August 4, 1997, at which time it was remanded to the attorney trial referee who tried the case, Attorney Frank W. LiVolsi, Jr. The purpose of the remand was to obtain a more comprehensive reply to the motion to correct filed by the defendants, Lexington Development Group, Inc. (Lexington) and Robin Hill Farms, Inc. (Robin Hill). The attorney trial referee has replied to the remand and the court will proceed with an CT Page 2084 analysis of his report and recommendations.
This memorandum will repeat the summary of the pleadings, the referee's report and the substance of the motions to correct filed by the parties contained in the August 4, 1997 memorandum, in order that the decision regarding the dispute between the plaintiff, Post Road Iron Works, Inc., and the defendants be located in one memorandum, rather than in multiple documents.
The plaintiff filed an amended complaint dated August 16, 1995, which contained four counts. In the first count, the plaintiff alleges that as a subcontractor it entered into an "oral" contract with the "defendants," including Lexington acting as general contractor, to furnish material and provide services in connection with the installation of a new barbecue grill and an iron rail fence at Robin Hills Farm, John Street, Greenwich, residential premises owned by the defendant Robin Hill. The plaintiff further alleges that it invoiced Lexington in connection with this job, and is owed $14,263, which the defendants have refused to pay. In the second count, the plaintiff alleges "an account stated." In the third and fourth counts, the plaintiff contends that it is entitled to recover on the basis of "quantum meruit" and "unjust enrichment," respectively.
The defendants' answer denied the material allegations of the complaint, and asserted three special defenses. In the first special defense the defendants claim that the work performed by the plaintiff was "defective." In the second special defense, the defendants contend that the plaintiff performed its services pursuant to an "express" contract and thus is not entitled to equitable relief. In the third special defense, the defendants allege that the plaintiff was not a properly registered home improvement contractor as required by General Statutes § 20-418
et seq., the Home Improvement Act (HIA).
The defendant Robin Hill filed a two-count counterclaim. In the first count, this defendant alleges that the plaintiff failed to install railings and to perform work on the outdoor cooking grill in a workmanlike manner and in accordance with its oral agreement. In the second count, this defendant alleges that the work performed by the plaintiff was a home improvement, that the plaintiff did not have a written contract, and that the plaintiff was not properly registered as required by the HIA. The defendant Robin Hill further alleges that the violation of that act also CT Page 2085 constitutes a per se violation of General Statutes § 42-110a
et seq., the Connecticut Unfair Trade Practices Act (CUTPA). See General Statutes § 20-427 (c)(2).
The plaintiff's reply denied the material allegations of the defendants' special defenses and asserted three special defenses relating to Robin Hill's counterclaim. In the first special defense, the plaintiff claims that it was a subcontractor, and that the HIA therefore does not apply. In the second special defense, the plaintiff argues that "some or all" of the work performed did not constitute a "home improvement." In the third special defense, the plaintiff claims that it was a properly registered home improvement contractor.
The case was referred to Attorney Frank W. LiVolsi, Jr., an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 428 et seq. The referee submitted a report finding the following facts: (1) the plaintiff manufactured the grill parts at its place of business and these parts were then installed by someone else; (2) the plaintiff was hired to remove an iron rail and then to reinstall it after some masonry work had been done; (3) the plaintiff did not have a written contract with either defendant; (4) the removal and reinstalling of an iron rail was subject to the HIA, but the plaintiff was a subcontractor for the defendant Lexington, a general contractor; and (6) the work performed by the plaintiff was done in a satisfactory manner.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) pursuant to General Statutes § 20-419 (4)(B), the HIA does not apply to goods that are manufactured and not installed by the contractor; and (2) the HIA does not apply to subcontractors. The referee recommended that judgment enter in favor of the plaintiff in the amount of $10,743 for manufacturing parts for the barbecue grill, and $3,520 for the iron rail work on the front landing, a total of $14,263. It was also recommended that the defendant Robin Hill's counterclaim be denied.
Pursuant to Practice Book § 438, both the plaintiff and the defendants moved to correct the referee's report.[1] The plaintiff asked the referee to add a recommendation that prejudgment interest be awarded as authorized by General Statutes § 37-3a for the "detention of money after it becomes payable." The attorney referee declined to recommend prejudgment CT Page 2086 interest in a "restated" report dated April 10, 1997. It is well recognized that the awarding of prejudgment interest is within the discretion of the fact finder. Spearhead Construction Corp.v. Bianco, 39 Conn. App. 122, 135, 665 A.2d 86, cert. denied,235 Conn. 928, 667 A.2d 554 (1995). Therefore, the plaintiff's request for prejudgment interest is denied.
The defendants' motion to correct sought the addition or deletion of 39 findings and conclusions which may be summarized as follows: (1) Lexington was a "managing agent" for its principal, Robin Hill, and not a general contractor; (2) Lexington is not liable to the plaintiff because it disclosed to the plaintiff that it was acting as an agent for Robin Hill; (3) Robin Hill is a closely-held corporation owned by the same person who owns Lexington, Magnus Lindholm; (4) although the invoices from the plaintiff were always directed to Lexington, it was Robin Hill, not Lexington, who paid the plaintiff for previous work not involved in this present action; (5) the mason who installed the grill was "indirectly" employed by the plaintiff in that he was doing other work for the plaintiff and also because the plaintiff was supposed to "assist" the mason; (6) Robin Hill was obliged to buy a new grill for $2,000 because the grill furnished by the plaintiff was not "blackened" as ordered by Robin Hill; (7) the iron railing work performed by the plaintiff was unsatisfactory and inadequate because it was installed in a "crooked" fashion; (8) the plaintiff never presented any evidence as to either the value or the quality of the work it performed; (9) the reliance by the plaintiff on an express contract precludes it from relying on any equitable theory such as quantum meruit or unjust enrichment; (10) the HIA is applicable to all the work performed by the plaintiff on the front porch, patio and barbecue grill because such work essentially involved landscaping; (11) the plaintiff did not comply, with the HIA and did not allege bad faith on the part of the defendants; and (12) Round Hill has the right to recover under CUTPA $2,000 for the cost of replacing the grill, and $3,000 for repairing the railing, plus punitive damages and attorney's fees, in accordance with General Statutes § 42-110g (a) and (d) because the lack of a written contract violated the HIA.
The attorney trial referee responded to the remand regarding the defendants' motion to correct by stating that it was directed at his factual findings which were based on the evidence adduced at the trial. Accordingly, the referee declined to change his recommendation that judgment enter in favor of the plaintiff and CT Page 2087 that the defendant Robin Hill's counterclaim be denied.
In accordance with Practice Book § 439, the defendants thereafter renewed and restated their original exceptions, which were dated October 17, 1997, to the referee's report.[2] The exceptions relate to the referee's refusal to make the corrections to his report sought by the defendants in their motion to correct. They also renewed and restated their objections to the report as authorized by Practice Book § 440.[3] The objections are similar in nature to the motion to correct and involve the defendants' claims that: (1) Lexington was not the general contractor for Robin Hill, but rather was an agent, a status which was disclosed to the plaintiff at the beginning of the project; (2) the plaintiff never presented sufficient evidence that it performed the contract in a satisfactory and workmanlike manner; and (3) the plaintiff is a home improvement contractor under General Statutes § 20-419
(3), and the work on the front porch, patio, and wall was within the scope of the HIA, General Statutes § 20-419 (4).
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). There, the court held that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.). See alsoTDS Painting and Restoration, Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, 751, 669 A.2d 173, cert. denied, 243 Conn. 908,701 A.2d 338 (1997) (the court "cannot find additional facts or reject others unless a material fact has been found without evidence.").
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court has two tasks to perform in reviewing an attorney trial referee's CT Page 2088 report. The first task is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. As stated in Romano v.Derby, 42 Conn. App. 624, 628, 681 A.2d 387 (1996), "[a]fter reviewing the transcript and testimony of the hearing, the trial court concluded that a sufficient basis existed in the evidence to support the attorney trial referee's findings and therefore concluded that judgment should be rendered for the defendant."
Lexington's status is a key issue in resolving this case. The referee found as a fact that Lexington was serving in the role of general contractor for the defendant Robin Hill, the owner of the subject premises. The transcript furnishes support for this finding. There is testimony therein that the plaintiff was hired for this project by, and dealt with Nick Everett and Barry Unger, both employees of Lexington. The drawings and blueprints were sent to Lexington for approval. Lexington authorized the work. The plaintiff performed corrective work on instruction from Lexington's employees. The plaintiff sent invoices to Lexington. A vice president of the plaintiff testified that his company had worked with Lexington on prior occasions in a capacity of subcontractor and general contractor. He also testified that the plaintiff had no contact with Robin Hill, but only with Lexington. These facts support the referee's conclusion that on this occasion Lexington was acting as the general contractor for the owner, Robin Hill.
In Cavanaugh v. Tripodi, Superior Court, judicial district of Waterbury, Docket No. 093348 (October 3, 1990, Byrne, J.), a suit by a subcontractor against a homeowner, the court said: "In order for the Home Improvement Act to apply, there must be a contract between the parties. Obviously in this particular situation, there was no contract of any type between the parties [subcontractor and homeowner] and therefore, the Home Improvement Act does not apply." Applying this ruling to the present case, it follows legally and logically that the HIA is not applicable to a contract between the plaintiff subcontractor and defendant Lexington, the general contractor. It also follows that the plaintiff did not have a direct contract with the defendant homeowner, Robin Hill.
The next issue involves the referee's finding that the plaintiff's work was performed in a satisfactory manner. This is quintessentially a factual determination, and one that should not CT Page 2089 be disturbed by this court. In their motions to correct and exceptions, it appears that the defendants are attempting to substitute their version of the facts concerning the relationship of the parties and the plaintiff's performance of the contract for the referee's findings. If the exceptions were sustained, the court in effect would retry the case and reexamine the credibility of the witnesses. This is not permitted. Argentinisv. Gould, 23 Conn. App. 9, 19, 579 A.2d 1078, rev'd on other grounds, 219 Conn. 151, 592 A.2d 375 (1991).
The transcript contains testimony that is contrary to the referee's findings. It is obvious, however, that the referee chose to believe testimony presented by the plaintiffs. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely his function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court." Nor'easter Group, Inc.v. Colossale Concrete, Inc., 207 Conn. 468, 473, 542 A.2d 692
(1988).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, supra, 28 Conn. App. 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id.
In addition, findings of fact in a contract action should be overturned "only when they are clearly erroneous." The recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 425, 657 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989). Thus, the facts found by the referee are accepted because they find support in the record.
The defendants' objections to the report attack the referee's CT Page 2090 factual findings such as whether Lexington was a managing agent or a general contractor, and whether the plaintiff performed its work in a satisfactory manner. It is axiomatic, however, with respect to the filing of objections, that Practice Book "[s]ection 440 . . . cannot be used to attack findings of fact."Iroquois Gas Transmission System v. Mileski, 43 Conn. App. 47,52, 682 A.2d 140 (1996). Therefore, the objections to the report are also overruled.
Based on the standard of review outlined in Elgar v. Elgar, supra, 238 Conn. 848-49, the referee's report and recommendations are accepted. No material error in the referee's report has been found, and there is no other sufficient reason for rendering the report unacceptable. Practice Book § 443. Judgment may enter in favor of the plaintiff against both defendants for $14,263, and in favor of the plaintiff with respect to the counterclaim filed by Robin Hill. Costs are to be taxed by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book § 412.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of February, 1998.
William B. Lewis, Judge