[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE CHOICE OF LAW
The plaintiff moves that this Court make a determination that the Court apply the law of the site in interpreting the excess insurance policies sold to Reichhold by the excess layer insurance company defendants.
The defendants contend that this Court, Freed J., did on February 24, 1993 determine that New York law, the locus of the contracts, was the appropriate law to be applied rather than New Jersey law, which is the locus of the activity giving rise to the issues which are claimed to be covered under the insurance policies which are the subject of this litigation. The defendants claim that the decision of Judge Freed is applicable to the present issue, contending that Judge Freed's determination was correct as a matter of law, and should be adopted as respects further proceedings under the "law of the case" doctrine.
Addressing first the matter of the "law of the case" CT Page 6194 doctrine, the Connecticut Supreme Court, in the case Breenv. Phelps, 186 Conn. 86 (1982) states as follows:
 "Where a matter has previously been ruled upon interlocutorily, the Court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (P 99)
 "Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (P 100)
Hence, this Court is not conclusively bound by the determination of Judge Freed, and must evaluate the circumstances in accordance with the principles set forth in Breen v. Phelps, supra.
This Court has carefully reviewed the decision of Judge Freed and the exceptionally well advanced arguments of opposing counsel, both advanced to Judge Freed and to this Court as concerns the matter of Choice of law. Although the decision of Judge Freed dealt with primary insurance coverage contracts and the instant matter before this court is addressed to excess insurance coverage contracts there is no relevant distinction between the types of contracts as pertains to this issue.
It is the plaintiff's position in this litigation, that the law of the state in which the loss has occurred is the applicable law as concerns these contracts. Conversely, the defendants claim that the place of the contract, the "lex loci contractor" governs these contract actions, in reliance upon the principles of Sec. 188 and 193(6) of the Restatement.
The most recent Connecticut Appeals court decision concerning Choice of law in contract actions is the case ofGiorgio v. Nukem, Inc., 31 Conn. App. 169 (May 1993). In footnote 3, pages 173, 174 the Appellate Court acknowledges the fact that the Supreme Court, in the case of O'Connor v.CT Page 6195O'Connor, 201 Conn. 632, departed from the lex loci delecti rule as pertains to the particular tort action. The Appellate Court, while questioning whether the time has come to abandon the lex loci contractus rule in certain contract actions, acknowledges that "as an intermediate appellate court, we must follow existing case law." (P 174)
It follows that this Court is no less bound by the principle of Stare Decisis than is the Appellate Court. This Court further recognizes that the application of a situs rule in these multi-state matters is both illogical and impractical, as articulated by the memorandum of Judge Freed of February 24, 1993, (pp 22, 23) and that adherence to the lex loci contractus rule does not "produce an arbitrary, irrational result." See O'Connor v. O'Connor, supra, P 650; Giorgio v. Nukem, Inc., supra, footnote P 174.
The law presumes that when parties enter into a contract they do so "with the law of a particular jurisdiction in mind." Although compelling reason may exist to abandon lex loci delecti in the matter of interspousal foreign torts (O'Connor v. O'Connor), supra, yet the principles of presumption enunciated in the case of Jenkins v. Indemnity Ins. Co.,152 Conn. 249, 254 (1964) remain appropriate as concerns the intent of the parties as to the general matter of Choice of law. Had the parties, any of them or either of them, determined it to have been in their interest to provide for a Choice of law other than New York, they would have been free to so bargain, and to mutually so provide by contract. See Pollak v. Danbury Mfg. Co., 103 Conn. 553,557 (1925). The parties having determined not to do so, the law applies the principles set forth in Jenkins v.Indemnity Ins. Co., supra, at p. 254.
It is the opinion of this court that the decision of Judge Freed that the Choice of law as pertains to the primary insurance coverage contracts was correctly decided by Judge Freed, and it is the determination of this Court that the rule of lex loci contractus is equally applicable to the excess insurance contracts.
Lastly, the plaintiff asserts that such a CT Page 6196 determination may cause confusion, as the plaintiff claims that some of the contracts may have been entered into in locations other than New York. This claim appears to be based upon sundry considerations such as discretion as to the defendants' choices of wording; clauses and conditions being assembled by defendants in other locations; and the mailing of the compilation from an out of state location. First, the plaintiff cites no authority for the proposition that these factors control the question of where the contracts were intended to have their operative effect or place of performance in a jurisdiction other than New York. See Jenkins v. Indemnity Co., supra, P 254. Second, It certainly appears to be an anomaly to suggest that an insurer was compiling a complicated insurance policy by utilizing discretion as to its suggested wording of provisions and its choice of specific clauses, and to simultaneously claim that such arbitrary compilation constitutes a binding contract without the insured having the opportunity to review the completed document to determine whether it will agree to the proposed terms thereof by an appropriate act of acceptance. Such proposition appears to be inconsistent with the basic propositions of elementary contract law.
For the reasons set forth herein the Court determines that the law of the State of New York is applicable as concerns the excess insurance policies.
L. Paul Sullivan, J.