[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 107)
The following facts are undisputed. During the 1997-1998 academic year, the defendant, Hannah Roberts, was employed by the plaintiff, the Eagle Hill-Southport School, Inc. (Eagle Hill) as a special education teacher. On May 28, 1998, Leonard Tavormina, the plaintiff's headmaster, sent a letter accompanied by an employment contract to the defendant. The letter stated that the defendant should not sign the employment contract if she was unable to fulfill the expectations of the agreement or was considering employment elsewhere. The employment contract offered the defendant a teaching position for the 1998-1999 academic year. On June 4, 1998, the defendant executed the employment contract and returned it to Tavormina. (See Defendant's Exhibit A.) Thereafter, on August 25, 1998, the defendant sent a letter to Tavormina to inform him that she had accepted a teaching position in the Fairfield public school system for the 1998-1999 academic year.
The relevant portion of the employment contract provides:
"Your employment is considered to be employment at will and the Headmaster reserves the right to CT Page 9769 terminate such employment with or without cause at any time." (See Defendant's Exhibit A.)
On April 29, 1999, the plaintiff filed a two-count complaint against the defendant asserting claims for misrepresentation and promissory estoppel. On July 6, 1999, the defendant filed a counterclaim asserting breach of contract and misrepresentation.
On February 24, 2000, the defendant filed the present motion for summary judgment as to both counts of the plaintiff's complaint and her counterclaims.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Id.
The defendant moves for summary judgment as to both counts of the plaintiff's complaint. The defendant moves for summary judgment as to count one on the ground that there is no genuine issue of material fact that her employment was at will and, therefore, terminable at any time. She moves for summary judgment as to the second count on the ground that there was no misrepresentation because her actions were consistent with the underlying principles of the at will employment contract. The defendant argues that the plaintiff's claims must fail because her resignation was consistent with the expectations of the parties' employment contract. Indeed, the defendant argues that when she interviewed and accepted the position with the Fairfield public school system her status as an at will employee had already been agreed upon. Moreover, the defendant argues that there was no contractual obligation made after she executed the employment contract that prevented her from seeking employment elsewhere.
In opposition to the motion, the plaintiff argues that simply because the employment contract contained an at will provision does not bar its misrepresentation and promissory estoppel claims. Specifically, the plaintiff argues that the at will provision did not entitle the defendant to misrepresent material facts to induce it to enter into the contract and refrain from considering other candidates. The plaintiff argues that by returning the executed contract, the defendant falsely represented CT Page 9770 that she was not considering other employment and that she had a present intention of fulfilling the contractual obligations. The plaintiff further argues that the defendant's failure to inform it that she was pursuing other employment was a violation of her contractual duty to disclose.
As a preliminary matter, an employment contract for a definite or determinable term, as distinguished from a contract for an indefinite or indeterminable term, may be terminated by either party only for good or just cause. See Slifkin v. Condec Corp., 13 Conn. App. 538, 549,538 A.2d 231 (1988). At will contracts, on the other hand, are terminable at the will of either party without regard to cause. See Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 14, 662 A.2d 89 (1995).
In the present case, the plaintiff and the defendant entered into an employment contract for the 1998-1999 academic year, a definite or determinable term. However, the employment contract provided that the defendant's employment was terminable at will. Consequently, because the defendant's employment was at will, the employment relationship could be terminated by either party at any time with or without cause. See Id.
 A Promissory Estoppel
Under a promissory estoppel theory, a party may maintain a claim for damages based upon a promise which induces the party's action or forbearance, if such action or forbearance is undertaken in reasonable reliance upon the promise. Finley v. Aetna Life Casualty Co.,202 Conn. 190, 205, 520 A.2d 208 (1987); see also D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 213, 520 A.2d 217
(1987). This court has recently held that a plaintiff may not plead promissory estoppel where the parties have a valid contract. An action for promissory estoppel generally lies when there is no written contract, or the contract cannot be enforced for one reason or another. Thus, promissory estoppel is an action outside the contract. Moukarzel v. OxygenElectronics, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 359965 (August 12, 1999, Melville, J.). Cases before the Supreme Court where plaintiffs have simultaneously pled breach of contract and promissory estoppel have involved some dispute about the existence of the contract.
Here, because there is a valid written employment contract between the plaintiff and the defendant, the plaintiff cannot maintain a promissory estoppel action. See Moukarzel v. Oxygen Electronics, supra, Superior CT Page 9771 Court, Docket No. 359965. Therefore, the defendant's motion for summary judgment as to the plaintiff's promissory estoppel claim must be granted.
 B Misrepresentation
Falsity is an essential element of a negligent misrepresentation claim. Daley v. Aetna Life Casualty Co., 249 Conn. 766, 792,734 A.2d 112 (1999). The plaintiff need not prove that the representation made by the defendant was promissory, but only that it contained false information. See id., 793. There must be a justifiable reliance on the misrepresentation for a plaintiff to recover damages.Citino v. Redevelopment Agency, 51 Conn. App. 262, 275, 721 A.2d 1197
(1998). The basic element of a claim for misrepresentation, however, is whether there was a misstatement. Id. Without a misrepresentation there can be no justifiable reliance. Id.
Here, based upon the pleadings, affidavits and the other evidence submitted, the court finds that the employment contract is an integrated writing, containing all the terms of the defendant's employment. SeeGiorgio v. Nukem, Inc., 31 Conn. App. 169, 175, 624 A.2d 896 (1993).[1]
Indeed, although parol evidence is admissible to prove misrepresentation, the plaintiff has not submitted any extrinsic evidence either to vary or contradict the terms of the employment contract. SeeKim v. Magnotta, 49 Conn. App. 203, 214-15, 714 A.2d 38 (1998), rev'd on other grounds, 249 Conn. 94, 733 A.2d 809 (1999). Because the employment contract did not contain any representations prohibiting the defendant from pursuing other employment, there was no misrepresentation. Moreover, there was no justifiable reliance on the alleged misrepresentation because the plaintiff admitted at oral argument that if it had known that the defendant was considering other employment it would not have withdrawn its offer for the 1998-1999 academic year. See Citinov. Redevelopment Agency, supra, 51 Conn. App. 275. Therefore, the defendant's motion for summary judgment as to count two of the plaintiff's complaint is hereby GRANTED.
 C The Counterclaims
The defendant also moves for summary judgment on her counterclaims on the ground that there are no genuine issues of fact that by instituting this action the plaintiff has breached the employment contract and misrepresented the at will nature of the defendant's employment. Indeed, CT Page 9772 the defendant argues that she justifiably relied upon the plaintiff's false representation of the basic terms of her employment, notably that her employment was terminable at will.
In opposition to the motion, the plaintiff argues that the defendant is not entitled to summary judgment on her breach of contract counterclaim because the contract terminated when she repudiated her contractual duties. Moreover, the plaintiff argues that the defendant's breach of contract counterclaim must fail because she is neither seeking to compel performance under the contract nor to recover contractual damages for the alleged breach. As to the defendant's misrepresentation claim, the plaintiff argues that the at will provision within the employment contract was not a representation, but rather a covenant that cannot give rise to a misrepresentation claim.
1. Breach of Contract
The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages. Kennedy v. Westledge,
Superior Court, judicial district of New Haven at Meriden, Docket No. 262278 (March 12, 1999, Beach, J.). A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. Tallmadge Bros. v.Iroquois Gas Transmission System, 252 Conn. 479, 498, 746 A.2d 1277
(2000). The intent of the parties is to be ascertained by a fair and reasonable construction of the written words and the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. Id. Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. Id. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. Id. Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. Id.
Here, although the language of the employment contract clearly and unambiguously represents the intent of the parties to enter into an employment at will agreement; see Tallmadge, supra, such language does not prevent the plaintiff from instituting an action against the defendant. However, because the plaintiff did not breach any terms of the employment contract, the defendant has failed to establish the key elements of a breach of contract action. See Kennedy v. Westledge,
supra, Superior Court, Docket No. 262278. Accordingly, the defendant's motion for summary judgment as to the breach of contract counterclaim is CT Page 9773 hereby denied.
2. Misrepresentation
The basic element of a claim for misrepresentation is whether there was a false statement. See Citino v. Redevelopment Agency, supra,51 Conn. App. 275. Moreover, there must be a justifiable reliance on the misrepresentation. Id. Without a misrepresentation there can be no actionable justifiable reliance. Id. Here, the employment contract, by its terms, was terminable at will. Consequently, there was no actual misrepresentation by the plaintiff who truthfully represented that the defendant's employment was at will. Therefore, the defendant is not entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment as to the misrepresentation counterclaim must also be DENIED.
Based upon the foregoing, the defendant's motion for summary judgment is GRANTED as to both counts of the plaintiff's complaint and DENIED as to her misrepresentation and breach of contract counterclaims.
MELVILLE, J.