## STATE OF CONNECTICUT *v.* KENNETH LEWIS
### (SC 17283)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

---

Argued March 11—officially released May 10, 2005

*Joseph Rubin*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Matthew B. Beizer*, assistant attorney general, for the appellant (state).

*Mark S. Rosenblit*, for the appellee (defendant).

*Opinion*

KATZ, J. The dispositive issue on appeal is whether the trial court properly granted the motion of the defendant, Kenneth Lewis, to dismiss an information charging him with violations of General Statutes § 20-427,[1] a pro-

---

[1] General Statutes § 20-427 provides in relevant part: "(b) No person shall . . . (8) fail to refund the amount paid for a home improvement within ten days of a written request mailed or delivered to the contractor's last known address, if no substantial portion of the contracted work has been performed at the time of the request and more than thirty days has elapsed since the starting date specified in the written contract, or more than thirty days has elapsed since the date of the contract if such contract does not specify a starting date.

"(c) In addition to any other remedy provided for in this chapter . . . (2) any person who violates the provisions of subdivision (8) of subsection (b) of this section shall be guilty of a class B misdemeanor if the home improvement that is offered or made has a total cash price of ten thousand dollars or less and shall be guilty of a class A misdemeanor if the home improvement that is offered or made has a total cash price of more than ten thousand dollars. Notwithstanding subsection (d) of section 53a-29 or section 54-56e, if the court determines that a contractor cannot fully repay his victims within the period of probation established in subsection (d) of section 53a-29 or section 54-56e, the court may impose probation for a period of not more than five years. A violation of any of the provisions of this chapter shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b. . . ."

vision of the Home Improvement Act,[2] on the ground that the statute was unconstitutionally vague as applied to him, in the absence of a stipulation by the state admitting to the accuracy of the materials attached to the defendant's motion to dismiss and either an evidentiary hearing at which the state could offer countervailing evidence or a concession by the state that it had no evidence to offer. We conclude that the trial court improperly granted the defendant's motion to dismiss. Accordingly, we reverse the judgment.

The record discloses the following pertinent facts. The defendant is a registered home improvement contractor operating a business under the name of American Construction. In April, 2003, the defendant entered into a home improvement contract with a consumer, Arun Agarwal, for various improvements to Agarwal's residence in Woodbridge. Pursuant to the contract and an addendum entered into by the parties (contract), these improvements included removing and installing a roof and installing a deck, sunroom, siding and windows. The contract price, including labor and materials, totaled $46,000. Agarwal made two advance payments to the defendant totaling $14,300—$4300 on April 27, 2003, and $10,000 on May 3, 2003. The defendant did not perform any of the work set forth in the contract at Agarwal's residence, but the defendant asserted in his trial court brief that he had spent approximately $4195 of the money advanced on a building permit and materials. On or about June 11, 2003, Agarwal sent written notice to the defendant stating that he was canceling the contract and requesting a refund of the advance money he had paid. The defendant failed to

Minor technical changes for purposes of gender neutrality were made to § 20-427 (b) in 2003. See Public Acts 2003, No. 03-167, § 3. Those changes are not relevant to this appeal. For purposes of convenience, we refer herein to the current revision of the statute.

[2] General Statutes § 20-418 et seq.

refund any of the money. Agarwal subsequently filed a complaint with the state department of consumer protection.

Thereafter, the state charged the defendant in a two count information with violating § 20-427 (b) (8); see footnote 1 of this opinion; for failing to refund the payment for a home improvement within ten days of a written request. The defendant, pursuant to Practice Book § 41-8 (8), moved to dismiss the information, asserting that the statute under which he was charged is (1) unconstitutionally vague on its face, and (2) unconstitutionally vague as applied to the facts of this case. The defendant attached to his motion excerpts from Agarwal's deposition taken in connection with his companion civil action against the defendant, and a copy of the building permit issued to the defendant together with the application attached thereto. The parties submitted memoranda of law on the motion to dismiss, but the trial court did not hold an evidentiary hearing.

In a memorandum of decision dated July 9, 2004, the trial court granted the defendant's motion to dismiss. The court held that § 20-427 (b) (8) was unconstitutionally vague as applied to the defendant's conduct because the statute is unclear as to what constitutes performance of a "substantial portion" of the contracted work. Accordingly, the court granted the defendant's motion to dismiss on that basis. The court also addressed the defendant's facial challenge, determined that the statute was not unconstitutionally vague on its face and accordingly denied the motion to dismiss on that basis. The defendant does not challenge on appeal that conclusion of the trial court. The state appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The state claims that it was improper for the trial court to have granted the motion to dismiss without first holding an evidentiary hearing.[3] The state contends that such a hearing was required because the state neither had stipulated to the admissibility or accuracy of the documents that the defendant had attached to his motion nor had conceded that the evidence in the arrest warrant application would constitute its entire proof. Accordingly, in the absence of an evidentiary hearing, the state contends that it had not been afforded an opportunity to offer countervailing evidence on the issue and, therefore, it was improper for the trial court to have granted the defendant's motion.

The defendant responds that the trial court properly granted his motion based on those facts that were undisputed and the materials that he had attached to his motion. Additionally, the defendant contends that, even if the trial court should not have considered the materials accompanying his motion to dismiss, the burden fell on the state to challenge the trial court's consideration of those materials and to seek an evidentiary hearing. By failing to do so, the defendant contends that the state acquiesced to the trial court's reliance on the record it had before it. We agree with the state.

We begin with the pertinent legal principles that guide our decision. "A statute is not void for vagueness unless it clearly and unequivocally is unconstitutional, making every presumption in favor of its validity. . . . To demonstrate that [a statute] is unconstitutionally vague as applied to him, the [defendant] therefore must . . . demonstrate beyond a reasonable doubt that [he] had inadequate notice of what was prohibited or that [he was] the victim of arbitrary and discriminatory enforce-

---

[3] The state also claims that the trial court improperly determined that § 20-427 (b) (8) is unconstitutionally vague as applied to the defendant's conduct. Because we agree with the state's first claim, we do not address its second claim.

ment. . . . [T]he void for vagueness doctrine embodies two central precepts: the right to fair warning of the effect of a governing statute . . . and the guarantee against standardless law enforcement. . . . If the meaning of a statute can be fairly ascertained a statute will not be void for vagueness since [m]any statutes will have some inherent vagueness, for [i]n most English words and phrases there lurk uncertainties. . . . References to judicial opinions involving the statute, the common law, legal dictionaries, or treatises may be necessary to ascertain a statute's meaning to determine if it gives fair warning. . . .

"The general rule is that the constitutionality of a statutory provision being attacked as void for vagueness is determined by the statute's applicability to the particular facts at issue. . . . To do otherwise, absent the appearance that the statute in question intrudes upon fundamental guarantees, particularly first amendment freedoms, would be to put courts in the undesirable position of considering every conceivable situation which might possibly arise in the application of [the statute]. . . . Thus, outside the context of the first amendment, in order to challenge successfully the facial validity of a statute, a party is required to demonstrate as a threshold matter that the statute may not be applied constitutionally to the facts of [the] case." (Citation omitted; internal quotation marks omitted.) *Rocque* v. *Farricielli*, 269 Conn. 187, 204–205, 848 A.2d 1206 (2004).

The defendant's claim does not implicate his first amendment rights. Rather, the essence of the defendant's claim is that a home improvement contractor of ordinary intelligence would not have had fair warning that his conduct was proscribed by § 20-427 (b) (8). Accordingly, to establish the unconstitutionality of the statute as applied to him, it was incumbent on the defendant to present a factual record demonstrating how the

statute was in fact applied to him. *Connecticut Building Wrecking Co.* v. *Carothers*, 218 Conn. 580, 591, 590 A.2d 447 (1991) ("[t]o demonstrate that a statute is unconstitutionally vague as applied to him, a litigant must therefore demonstrate beyond a reasonable doubt that he had inadequate notice of what was prohibited or that he was the victim of arbitrary and discriminatory enforcement"); *State* v. *Hernandez*, 204 Conn. 377, 385, 528 A.2d 794 (1987) ("[a] party contesting a statute's constitutionality has a heavy burden to prove unconstitutionality beyond a reasonable doubt").

Recognizing this well established principle, the defendant claims that he provided a factual record to substantiate his constitutional challenge to the statute's validity and upon which the trial court could make its determination. Specifically, the defendant relies on the excerpts from Agarwal's deposition,[4] and the copy of the building permit issued to him together with the application attached thereto, all of which were attached to his motion to dismiss, to argue that the trial court had sufficient evidence from which it could make factual findings in support of its determination that the statute was unconstitutionally vague as applied to him.[5] We disagree.

Although we generally review a trial court's factual findings under the "clearly erroneous" standard, when a trial court makes a decision based on pleadings and

---

[4] Although the excerpts from Agarwal's deposition that were attached to the defendant's motion were not signed by the officer before whom the deposition had been taken, the sealed deposition, containing the requisite signature, was available for inspection by the trial court by virtue of the sealed deposition having been referenced in the fact section of the defendant's memorandum of law in support of his motion.

[5] The defendant relies on these documents to support his contentions that he spent a substantial amount of the advance payments for the building permit and the materials allegedly delivered to Agarwal's residence, that he did not commence the work because of a dispute over the scope of the work to be performed and that some of these materials ultimately were used by other contractors hired by Agarwal.

other documents, rather than on the live testimony of witnesses, we review its conclusions as questions of law. *Morton Buildings, Inc.* v. *Bannon*, 222 Conn. 49, 53–54, 607 A.2d 424 (1992) ("In this case, the trial court's determinations were based on a record that consisted solely of a stipulation of facts, written briefs, and oral arguments by counsel. The trial court had no occasion to evaluate the credibility of witnesses or to assess the intent of the parties in light of additional evidence first presented at trial. The record before the trial court was, therefore, identical with the record before this court. In these circumstances, the legal inferences properly to be drawn from the parties' definitive stipulation of facts raise questions of law rather than of fact."); *Giorgio* v. *Nukem, Inc.*, 31 Conn. App. 169, 175, 624 A.2d 896 (1993) ("[i]f . . . [t]he trial court's conclusions as to intent were based not on such factors as the credibility of witnesses, or on the testimony of live witnesses as to the meaning of documents or as to circumstances surrounding the execution of those documents . . . but were instead based on the intent expressed in the contract itself and the affidavits submitted with the motion for summary judgment considered in the light of their surrounding circumstances . . . [t]hen the legal inferences to be drawn from the documents raise questions of law rather than of fact" [citation omitted; internal quotation marks omitted]). Accordingly, because the trial court in the present case made its decision based on pleadings and other documents that were not uncontested, rather than on the live testimony of witnesses, we review the ruling of the trial court in this case as though it made legal determinations, not factual findings.

As the state properly points out, however, the issue in this case of whether § 20-427 (b) (8) is unconstitutional as applied depends on factual findings. Stated another way, in the absence of either undisputed facts,

concessions by the state that the arrest warrant application constituted the pertinent evidence in its entirety, or a full evidentiary hearing, the trial court could not, as a matter of law, have made the factual findings essential to a determination of the issue. See *State* v. *Indrisano*, 228 Conn. 795, 800, 640 A.2d 986 (1994) ("[t]o enable us to review a claim that a statute is vague as applied, the record must further reflect the conduct that formed the basis of the defendant's conviction").

We also disagree with the defendant's claim that any fault arising from a deficiency in the record belongs to the state. This argument misses the mark. It was not incumbent upon the state to provide the evidence upon which the trial court could make factual findings essential to the defendant's challenge to the statute as applied to him. The burden rests with the party mounting the constitutional challenge to provide an adequate factual record in order to demonstrate the statute's actual adverse impact on him and not merely its impact under some hypothetical set of facts as yet unproven. *State* v. *Madera*, 198 Conn. 92, 106, 503 A.2d 136 (1985). "Determination of the scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a concrete case involves too remote and abstract an inquiry for the proper exercise of the judicial function." (Internal quotation marks omitted.) *Bell Atlantic Mobile, Inc.* v. *Dept. of Public Utility Control*, 253 Conn. 453, 490, 754 A.2d 128 (2000). A party "cannot mount a constitutional challenge to a statute on the basis of its possible applications in circumstances not presented by his own case, unless first amendment freedoms are affected, a situation not claimed to exist here." *State* v. *Madera*, supra, 106; see also id., 106–107 ("In the absence of a clear indication in the record that the state is relying upon a claim that the defendant 'recklessly' caused the destruction of the apartment building and thus committed arson in the

third degree as the predicate offense for arson murder, the defendant is not entitled to an adjudication of the constitutional claims raised in his motion to dismiss. As we have noted, the present record discloses that the state asserts the contrary, relying wholly upon a claim that the defendant intended to destroy or damage the apartment building when he started the fire on the stairway."). In the absence of a sufficient evidentiary record, therefore, the trial court improperly granted the defendant's motion to dismiss.[6]

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to dismiss, and for further proceedings according to law.

In this opinion the other justices concurred.

---

[6] We note, however, that we make no determination as to the merits of the defendant's constitutional claim, which therefore is not barred by the doctrine of res judicata. See *Gladysz* v. *Planning & Zoning Commission,* 256 Conn. 249, 260, 773 A.2d 300 (2001) ("[i]ssue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment").