FILED

02/09/2026

Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 13, 2026 Session

## STATE OF TENNESSEE v. RICHARD DARAN ANGEL

**Appeal from the Circuit Court for Van Buren County**
**No. 3898-F   Larry B. Stanley, Jr., Judge**

_____

### No. M2025-00093-CCA-R3-CD

_____

Defendant, Richard Daran Angel, was indicted for one count of theft by home improvement in an amount of $10,000 or more but less than $60,000.  Before trial, Defendant moved to dismiss the indictment, arguing that the contractor fraud statute, Tennessee Code Annotated section 39-14-154, was unconstitutionally vague, both on its face and as applied to him.  After a hearing, the trial court granted Defendant's motion and entered an order dismissing the indictment.  The State appeals, arguing that the trial court erred in determining that the contractor fraud statute was unconstitutionally vague at the pretrial stage because Defendant could not show that the statute was vague as applied to him.  After review, we agree with the State and reverse and remand the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Christopher R. Stanford, District Attorney General; and Matthew T. Colvard, Assistant District Attorney General, for the appellant, State of Tennessee.

Kendall Stivers Jones, Assistant Public Defender – Appellate Division, Franklin, Tennessee; William L. Cathcart, Assistant Public Defender, McMinnville, Tennessee, for the appellee, State of Tennessee.

## OPINION

In November 2023, Defendant was indicted by the Van Buren County Grand Jury for one count of new home construction/home improvement services fraud in an amount of $10,000 or more but less than $60,000 under Tennessee Code Annotated section 39-14-105. Prior to trial, Defendant filed a motion to dismiss the indictment pursuant to Tennessee Rule of Criminal Procedure 12, arguing that the statute criminalizing contractor fraud was unconstitutionally vague as applied to him and on its face because it fails to specify when a contractor has performed a "substantial" portion of contracted work.

The trial court held a hearing on Defendant's motion, at which the court considered the arguments of counsel. No evidence was introduced at the hearing. Defendant's memorandum of law in support of his motion contained an "offer of proof" consisting of facts taken from the State's discovery response. At the hearing, the prosecutor stated,

> In this situation, [Defendant] came out and put up some stakes and some lines drawn off where the work was to be done before the contract was entered into, took these people's money. When it turned out that the property would not perk, they asked for their money back and [Defendant ha]s refused to do that.

Defense counsel gave the following "proffer" of proof:

> [I]n May[,] there was an oral agreement reached, the buyers approached [Defendant] and asked him to begin work. He informed them that [the property] had not perked. They felt comfortable that it would because neighboring properties had. He began work. He cut an apron in off of the road. He used some very expensive equipment to layout the stakes and tape that [the prosecutor] is referencing. He purchased rebar and other materials, cleared the property, and put in significant work. The oral agreement was then memorialized as a written agreement and money changed hands.
>
> Then a week or so later[,] the property actually did not pass the perk test[,] and they demanded their money back . . . [w]hich [Defendant] did provide some of their money back. But when the criminal charges were mentioned – when he was threatened with criminal charges, he stopped making payments.

After the hearing, the trial court entered an order declaring the contractor fraud statute "vague on its face" because "[t]he phrase 'substantial portion' has no clear meaning to ordinary people." The court found that the statute "does not provide sufficient guidance to law enforcement to determine whether a crime has been committed and therefore does not allow citizens to know if they are violating a criminal statute." The trial court granted

Defendant's motion and dismissed the indictment. The State filed a timely notice of appeal.

## *Analysis*

Defendant contends that the contractor fraud statute is unconstitutionally vague because it offers no guidance as to what constitutes a "substantial portion" of work completed and that it is unconstitutional as applied to him because he performed "***some of his contractual work***" rather than none. (Emphasis in original).

As applicable to this case, Code section 39-14-154(b)(1) provides:

It is an offense for a new home construction contractor or home improvement services provider with intent to defraud to:

(1) (A) Fail to refund amounts paid under a new home construction contract or a contract for home improvement services within ten (10) days of:

(i)  The acceptance of a written request for a refund either hand delivered or mailed certified mail return receipt attached;

(ii)  The refusal to accept the certified mail sent to the last known address of the new home contractor or home improvement services provider by the home buyer or residential owner; or

(iii)  The return of the certified mail to the home buyer or residential owner indicating that the addressee is unknown at the address or a similar designation if the provider failed to provide to the home buyer, residential owner, or the United States postal service a correct current or forwarding address;

(B)  A violation of subdivision (b)(1)(A) is an offense only if:

(i)  No substantial portion of the new home construction or home improvement services work has been performed at the time of the request;

(ii)  More than ninety (90) days have elapsed since the starting date of the new home construction contract or contract for home improvement services; and

(iii) A copy of the written request for a refund was sent by the home buyer or residential owner to the consumer protection division of the office of the attorney general[.]

T.C.A. § 39-14-154(b)(1)(A)-(B).

On appeal, the State contends the trial court erred in addressing Defendant's facial vagueness challenge without first addressing an as-applied challenge to the statute. The State argues that Defendant's vagueness challenge must fail because he did not (and could not) show in a motion to dismiss the indictment that the statute is unconstitutionally vague as applied to him. Defendant agrees that "the trial court erred by not first determining whether the challenged portion of the statute was unconstitutionally vague as applied to the facts of [his] case before determining that 'no substantial portion' was facially void for vagueness." Defendant asserts, however, that the motion was proper for adjudication by the trial court because its determination was a matter of law and not fact, and Defendant asks this Court to review the issue de novo. Defendant asserts that a de novo review is appropriate here because the prosecutor did not dispute the facts proffered in Defendant's motion or at the hearing on the motion.

"Challenges of vagueness must be examined in light of the complaining party's conduct and the facts of the case at hand." *State v. Webb*, 130 S.W.3d 799, 828 (Tenn. Crim. App. 2003) (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)). "A statute is not invalid simply because it may be arguably vague in a hypothetical instance but is clearly applicable to the complaining party. Courts must indulge every presumption in favor of validity and resolve any doubt in favor of the constitutionality of a statute." *Id*. (citing *State v. Chavis*, 617 S.W.2d 903, 905 (Tenn. Crim. App. 1980)). "The fact that a statute applies in a wide variety of situations and must necessarily use words of general meaning does not render it unconstitutionally vague." *Id*. (citing *State v. Lyons*, 802 S.W.2d 590, 592 (Tenn. 1990)).

A constitutional challenge to a statute as applied to a defendant considers how the statute "'operates in practice against the particular litigant and under the facts of the instant case, not hypothetical facts in other situations.'" *City of Memphis v. Hargett*, 414 S.W.3d 88, 107 (Tenn. 2013) (quoting 16 C.J.S., Constitutional Law § 187, at 274 (2005)).

The State asserts "there are no facts at this stage of the case." Indeed, a motion to dismiss an indictment is reserved for legal questions "that the court can determine without a trial." Tenn. R. Crim. P. 12(b)(1). If the motion would require the trial court to find facts that should be decided by the jury, the court should "defer a ruling until trial or after a verdict." Tenn. R. Crim. P. 12(e). Without "undisputed facts or stipulations by the parties,"

- 4 -

the trial court cannot find a statute unconstitutionally vague as applied. *See State v. Sherman*, 266 S.W.3d 395, 403 (Tenn. 2008).

The State cites several federal court opinions and two other state supreme court opinions holding that as-applied vagueness challenges are premature when raised before trial, and we have found additional cases to support the State's position. *See United States v. Raniere*, 384 F. Supp. 3d 282, 320 (E.D.N.Y. 2019) (holding the defendant "must wait to bring an as-applied vagueness challenge until the facts have been established by evidence introduced at trial and the fact-finder has had an opportunity to weigh in.") (quoting *United States v. Ford*, No. 3:14-CR-00045, 2016 WL 4443171, at *14 (D. Or. Aug. 22, 2016)); *United States v. Reed*, 114 F.3d 1067 (10th Cir. 1997) (holding that district court erred in construing defendant's facial vagueness challenge as an as-applied one, and further erred by ruling on the motion before trial); *United States v. Phillips*, 690 F. Supp. 3d 268, 292 (S.D.N.Y. 2023) (holding that defendant's as-applied constitutional challenge to the indictment was premature and not properly made in a motion to dismiss); *United States v. Kettles*, No. CR 3:16-00163-1, 2017 WL 2080181, at *3 (M.D. Tenn. May 15, 2017) (finding that pretrial as-applied challenge was premature because "[t]he court cannot determine the nature and extent of [defendant's] conduct in this case and, therefore, also cannot determine whether [the challenged statute] is void for vagueness as applied to that conduct"); *United States v. Reyes*, No. CR06-00556, 2007 WL 831808, at *8 n.1 (N.D. Cal. Mar. 16, 2007) (finding as-applied constitutional challenge premature because "[w]ithout reference to any proof of what [d]efendants' conduct actually was . . . it is impossible to determine whether the statute provided sufficient notice that it prohibited the scheme of conduct in which they actually engaged").

In *State v. Lewis*, the Supreme Court of Connecticut reversed the lower court's granting of a pretrial motion to dismiss an indictment charging the defendant with a violation of Connecticut's "home improvement act," which punishes contractors for failing to refund amounts paid under a contract when "no substantial portion of the contracted work has been performed." 871 A.2d 986 (Conn. 2005). The court held, "in the absence of either undisputed facts, concessions by the [S]tate that the arrest warrant application constituted pertinent evidence in its entirety, or a full evidentiary hearing, the trial court could not, as a matter of law, have made the factual findings essential to a determination of the issue." *Id*. (citation omitted).

Here, the trial court declared the contractor fraud statute facially unconstitutional without making any finding as to the facts of this case, which have not been developed by the record. Allegations contained in pleadings, counsel's arguments and statements of facts contained in an appellate brief, and counsel's statements made in open court are not evidence. *See State v. Bennett*, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990); *State v.*

*Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In the absence of a sufficient evidentiary record, the trial court erred by granting Defendant's motion to dismiss.

CONCLUSION

Based on the foregoing, the judgment of the trial court is reversed and remanded for further proceedings.

_S/Timothy L. Easter_

TIMOTHY L. EASTER, JUDGE